IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEROME EUGENE TODD,
    Petitioner,

vs.                                                 Case No.: 5:13cv160/MMP/EMT

N.C. ENGLISH, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This case is before the court on Petitioner's habeas petition and supporting memorandum, filed pursuant to 28 U.S.C. § 2241, and his motion for change of venue (docs. 1, 2, 11). Petitioner paid the filing fee.

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the petition should be summarily dismissed, and Petitioner's motion for change of venue should be denied.

I.    BACKGROUND

       Following a jury trial in the United States District Court for the Western District of Washington, Case No. 2:07cr00395-JLR, Petitioner was found guilty of one count of conspiracy to engage in sex trafficking, in violation of 18 U.S.C. §§ 371, 1591(a)(1) (Count 1); three counts of sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), 1592(b)(1) (Counts 2, 3, and 5); and one count of interstate transportation in furtherance of prostitution, in violation of 18 U.S.C. § 2421 (Count 4) (*see* doc. 1; *see also* attached Verdict Form).[1] On September 29, 2008, the district court sentenced

---

[1] The jury also convicted Petitioner of one count of conspiracy to engage in money laundering (Count 6), but the trial court subsequently entered a judgment of acquittal on that count.

Petitioner to sixty (60) months of imprisonment on Count 1, three hundred twelve (312) months of imprisonment on Counts 2, 3, and 5, and one hundred twenty (120) months of imprisonment on Count 4, with all counts to run concurrently with each other and consecutively to Petitioner's sentence in Case No. 2:03cr02782 (*see* attached Judgment in a Criminal Case). Petitioner appealed the judgment to the Ninth Circuit Court of Appeals, Case No. 08-30360 (*see* doc. 1 at 2). The appellate court affirmed the judgment. United States v. Todd, 627 F.3d 329 (9th Cir. Oct. 20, 2009), *as amended on denial of rehearing and rehearing en banc* (9th Cir. Nov. 15, 2010). Petitioner filed a motion under 28 U.S.C. § 2255 in the Western District of Washington, Case No. 2:11cv 00470-JLR-MAT (doc. 1 at 2–3). *See* Todd v. United States, Case No. 2:11cv00470-JLR, Motion (W.D. Wash. Mar. 16, 2011). The district court denied the motion on July 19, 2012 (*see id.*). *See* Todd v. United States, No. C11-0470-JLR-MAT, 2012 WL 2952084 (W.D. Wash. June 26, 2012) (unpublished), *Report and Recommendation Adopted*, 2012 WL 2952067 (W.D. Wash. July 19, 2012) (unpublished). Petitioner filed a motion to set aside the judgment, pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure (*see id.*). The district court denied the motion. *See* Todd v. United States, No. C11-0470-JLR-MAT, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012) (unpublished). The Ninth Circuit denied Petitioner's motion for a certificate of appealability. *See* Todd v. United States, Case No. 12-35744, Order (9th Cir. Jan 13, 2013). Petitioner filed an application for leave to file a second or successive § 2255 motion in the Ninth Circuit (*see* doc. 1 at 2). *See* Todd v. United States, Case No. 13-70567, Application (9th Cir. Feb. 14, 2013). The Ninth Circuit denied the application. *See id.*, Order (9th Cir. Apr. 1, 2013).

Petitioner filed the instant § 2241 petition on April 19, 2013 (doc. 1 at 6). He is housed at the Federal Correctional Institution in Marianna, Florida (doc. 1). Petitioner raises the following claim:

> Ground one: "Actual Innocence (Savings Clause 2255(e)). Petitioner contends that he is factually innocent of the former Title 18 § 1591(a)(1) and § 1591(b)(1), Counts 2, 3, 4, and 5, because all the alleged victims were all 18 and over at the time his alleged offenses occurred. Also, petitioner is factually innocent of conspiracy, Title 18 §§ 371, 1591(a)(1). Petitioner contends that his convictions under Counts 1, 2, 3, 4, & 5 are unlawful in view of the gov./court's interpretation of the substantive provision of the former statute, which requires a mens rea of the age element (scienter). The word "knowing" is to separate wrongful conduct from otherwise innocent conduct in the enumerated substantive offense provision. Thereby,

petitioner had been misinformed by the District Court as to the nature of the charged crime, and has been convicted of a nonexistent crime."

(doc. 1 at 3, doc. 2).

II.     ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2]  Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 5:13cv160/MMP/EMT

F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013). The statute says precious little about what it means for the original § 2255 motion to have been "inadequate" or "ineffective." In two major cases, Wofford and Gilbert v. United States, 640 F.3d 1293, 1305 (11th Cir. 2011), the Eleventh Circuit substantially limited the types of claims to which the savings clause applies.

In Wofford, a prisoner sought and was denied § 2255 relief on a variety of claims; he then sought permission to file a second § 2255 motion advancing several new challenges to his sentencing. *See* 177 F.3d at 1237–38. After several failed attempts at obtaining certification to file a second § 2255 motion, Wofford filed a petition for a writ of habeas corpus pursuant to § 2241, arguing that the savings clause allowed him to pursue his sentencing arguments because § 2255 foreclosed any other avenue for raising those claims. *Id.* at 1238. Wofford described two different kinds of challenges to which the savings clause applies that are not covered by § 2255(h[3]). First, the panel opined in dicta:

---

[3] Section 2255(h) permits a second or successive 2255 motion if it is certified by the appropriate court of appeals.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Also in dicta, the panel in Wofford noted a second circumstance to which the savings clause might apply: when "a 'fundamental defect' in sentencing" occurred and "the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Wofford, 177 F.3d at 1244 (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)). The panel in Wofford did not define what qualified as a fundamental defect. Rather, the panel said: "It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id.* at 1245. Thus, Wofford's holding establishes that the savings clause applies to sentencing claims that are based upon a retroactively applicable Supreme Court decision, which decision must have "overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Williams, 713 F.3d at 1343.

Gilbert addressed—and explicitly limited its holding to—circumstances where a federal prisoner sought to attack a potential misapplication of the Sentencing Guidelines that resulted in a higher sentence, but one that remained within the statutory maximum. *See* 640 F.3d at 1295 (framing the question as "whether a federal prisoner can use a habeas corpus petition to challenge his sentence" when "the sentence the prisoner is attacking does not exceed the statutory maximum"). The Eleventh Circuit held that such challenges to guideline determinations do not fall within the ambit of the savings clause. *Id.* at 1323. In a footnote, Gilbert specifically limited its holding from applying to errors in the application of the "violent felony" enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory minimum and maximum sentence under § 924(e). *Id.* at 1319 n.20.

In the instant case, Petitioner does not raise a sentencing claim in his § 2241 petition; rather, he challenges his conviction on the ground that he was convicted of a non-existent offense.[4] Therefore,

---

[4] As noted *supra*, and as discussed more fully *infra*, Plaintiff does not claim he was convicted of a non-existent offense based upon a retroactively applicable Supreme Court decision.

Case No: 5:13cv160/MMP/EMT

the holdings of <u>Wofford</u> and <u>Gilbert</u> do not apply. Although the three-part test for this type of claim was articulated only in dicta in <u>Wofford</u>, the Eleventh Circuit has applied it to bar the type of claim Petitioner brings here, albeit in unpublished opinions. *See, e.g.*, <u>Marshall v. United States</u>, No. 12-13841, 2013 WL 1235549, at *1–2 & n.3 (11th Cir. Mar. 28, 2013) (unpublished) (applying three-part <u>Wofford</u> test to § 2241 petitioner's claim that he was innocent of aggravated identity theft, because he did not know that an altered social security number he had unlawfully used belonged to an actual person, and concluding that petitioner failed to satisfy third prong of the <u>Wofford</u> test); <u>Fields v. Warden, FCC Coleman-USP 1</u>, 484 F. App'x 425, 426–27 (11th Cir. 2012) (unpublished) (applying three-part <u>Wofford</u> test to § 2241 petitioner's claim that he was innocent of conspiracy to possess with intent to distribute cocaine and cocaine base, and concluding that petitioner failed to satisfy first two prongs of the <u>Wofford</u> test); <u>Maye v. Warden</u>, 458 F. App'x 878, 879 (11th Cir. 2012) (unpublished) (applying three-part <u>Wofford</u> test to § 2241 petitioner's claim that he was innocent of conspiring to access a computer without authorization, accessing a computer without authorization, and making false statements, and concluding that petitioner failed to satisfy first two prongs of the <u>Wofford</u> test).

In the instant case, the only Supreme Court decision relied upon by Petitioner is <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d (1994) (doc. 2). However, <u>X-Citement Video, Inc.</u> was decided in 1994, well before Petitioner's conviction. Further, <u>X-Citement Video, Inc.</u> involved the Supreme Court's interpretation of 18 U.S.C. § 2252, not any of the statutory provisions of which Petitioner convicted, that is, 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), and 2421, or upon which the conspiracy charge was based. Additionally, Petitioner was not charged with or convicted of sex trafficking of <u>children</u> or transportation of <u>a minor</u> in furtherance of prostitution; rather, he was charged with and convicted of sex trafficking by force, fraud, or coercion, and transportation in furtherance of prostitution (*see* attached First Superseding Indictment, Verdict Form, and Judgment in a Criminal Case). Petitioner failed to demonstrate that his claim rests upon a circuit law-busting, retroactively applicable Supreme Court decision; therefore, he failed to satisfy the <u>Wofford</u> standard. Furthermore, to the extent Petitioner claims he cannot pursue his claims via 28 U.S.C. § 2255 because he is precluded from filing a successive motion, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective"

within the meaning of the savings clause. Wofford, 177 F.3d at 1244–45; *see also* In re Davenport, 147 F.3d at 608 (noting that it cannot be right and would nullify the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See, e.g.*, Wofford, *supra*; Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Therefore, the instant § 2241 petition must be dismissed for lack of jurisdiction.

Finally, Petitioner's motion to transfer his § 2241 petition to the district court for the Western District of Washington (doc. 11) must be denied. Jurisdiction for § 2241 petitions lies only in the district of confinement, in this case the Northern District of Florida. *See* Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); *see also, e.g.,* Garcia v. Warden, 470 F. App'x 735, 736 (11th Cir. 2012) (unpublished). Therefore, the Western District of Washington does not have jurisdiction to consider Petitioner's § 2241 petition. Further, Petitioner has consistently maintained that he intends to bring a § 2241 petition, not a § 2255 motion, therefore, this court will not re-characterize or construe his § 2241 petition as a § 2255 motion.[5] *See* Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) (explaining that courts "must respect a litigant's decision to invoke a certain statute"); *see also*, Garcia, 470 F. App'x at 736.

III. CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his conviction and sentence, not the execution thereof. Furthermore, he has not shown that his claim satisfies the conditions set forth in Wofford, or that § 2255 was otherwise inadequate or ineffective to test the legality of his detention. Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

---

[5] Even if this court re-characterized Petitioner's § 2241 petition as a § 2255 motion, the Western District of Washington would not have jurisdiction to consider it, because Petitioner is required to obtain permission to file a second or successive § 2255 motion from the Ninth Circuit before he may file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h).

Case No: 5:13cv160/MMP/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED with prejudice**.

2. That Petitioner's motion for change of venue (doc. 11) be **DENIED**.

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 5th day of June 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**